951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry W. BARTON, Jr., Plaintiff-Appellant,
v.
Wayne ESTELLE, Warden, Defendant-Appellee.
 No. 91-15351.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 20, 1991.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harry W. Barton, Jr. appeals pro se the denial of his petition for a writ of habeas corpus. We AFFIRM.
 
 I.
 
 3
 Barton was prosecuted for murder pursuant to California Penal Code section 187. He claimed a defense of voluntary manslaughter, contending that he had killed the victim in the heat of passion. At the close of evidence, Judge Bancroft, the presiding judge, charged the jury. After some deliberation, the jury requested the definitions of first degree murder, second degree murder, and voluntary manslaughter. As the presiding judge was unavailable, Judge Broussard delivered the first set of re-instructions to the jury.[1]
 
 
 4
 The next day, the jury again requested the definitions of first and second degree murder. This time, Judge Golde gave the second set of re-instructions. He first re-read the pertinent standard CALJIC instructions on first and second degree murder that had been given by Judge Bancroft and repeated by Judge Broussard. Then he explained the difference between first and second degree murder in layman's terms. Judge Golde stated, "If you're satisfied beyond a reasonable doubt that 'A' kills 'B,' it's second degree murder." Govt's Br. at 19 (citing Exhibit G, R.T. 2/14/79 at 9). After explaining first degree murder, Judge Golde further stated, "If you have a doubt, it goes back to murder of the second degree. What you do is start with second degree. That would be true with manslaughter down here and not guilty, et cetera, but you only asked for first and second." Id. at 19 (citing Exhibit G, R.T. 2/14/79 at 10) (emphasis added). After further deliberation, the jury convicted Barton of second degree murder.
 
 
 5
 Barton seeks a reversal of his conviction, alleging that the second set of jury re-instructions unlawfully shifted the burden of proof to him by requiring him to prove absence of malice aforethought. He has exhausted all state remedies in appealing his conviction.
 
 II.
 
 6
 We review de novo the denial of habeas corpus relief. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). Barton is entitled to a new trial only if his allegations of error, if true, would have been prejudicial. Bergerco, U.S.A. v. Shipping Corp. of India, Ltd., 896 F.2d 1210, 1215 (9th Cir.1990).
 
 
 7
 Barton contends that Judge Golde's explanation of second degree murder was error because it omitted the element of malice. The definition was oversimplified by instructing that "[i]f you're satisfied beyond a reasonable doubt that 'A' kills 'B,' it's second degree murder." Viewing the re-instructions in context, however, any error was harmless. First, the jury's request for the second set of re-instructions was limited to first and second degree murder. It is within this context that Judge Golde omitted the requirement of malice in his extemporaneous explanation, because both crimes share that element. The instruction only focused on the distinguishing factors of first and second degree murder: that of premeditation and deliberation. Finally, Judge Golde clarified the context of his explanations by pointing out that the jury only asked about first and second degree murder. Therefore, the second set of re-instructions did not prejudice Barton. Because we do not find prejudicial error, we need not address whether the unavailability of the transcript of the initial instructions and first set of re-instructions affected Barton's substantive rights.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The transcripts of both the initial instructions and the first set of re-instructions were destroyed over seven years after Barton's conviction and were not available for review by the district court